# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VELIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 16-006691-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Luis Velis ("Plaintiff") challenges the Commissioner's denial of his application for disability insurance benefits ("DIB"). The parties have filed a Joint Stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

Plaintiff filed an application for DIB on July 10, 2013.[1] (AR 208.) The Social Security Administration denied the application both initially and on reconsideration, and Plaintiff then proceeded to an administrative hearing. After

---

[1] The Administrative Law Judge's January 13, 2015 decision lists June 26, 2013 as the application date. (AR 23.) The exact date is not determinative of the outcome of this matter.

the hearing, the Administrative Law Judge (ALJ) determined that Plaintiff was not disabled. The Appeals Council denied review (AR 1-2), making the decision of the ALJ the decision of the Commissioner.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff had the following severe impairments: bilateral knee disorder; degenerative disc disease of the lumbar spine; cardiac disorder; and obesity. (AR 25.) The ALJ found Plaintiff's mental impairments of depression, anxiety, and history of alcohol abuse not severe. (*Id.* at 25-26.) The ALJ concluded that Plaintiff's mental condition was not severe because it would cause mild or no limitations in the four functional areas set out in the Listings, known as the "paragraph B" criteria: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. (*Id.* at 26.)

On appeal, Plaintiff challenges the ALJ's non-severity findings with respect to his mental impairments.

## II. DISCUSSION

At the second step of the five-step sequential evaluation process used in social security cases, *see* 20 CFR § 404.1520, the ALJ must determine whether the claimant has a "severe" impairment. If a claimant does not have a severe mental impairment, then he or she is not eligible for disability payments. 20 CFR § 404.1521a.

The existence of a severe impairment is satisfied when the evidence shows that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. 20 CFR § 404.1521(a); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At step two, the ALJ identifies a claimant's severe impairments, *i.e.*, impairments that significantly limit his or her ability to do basic work activities.[2] 20 C.F.R. § 404.1520(a)(4)(ii); *Smolen,* 80 F.3d at 1290. A

---

[2] Basic work activities are "the abilities and aptitudes necessary to do most jobs[.]" 20 C.F.R. § 404.1521(b).

2

determination that an impairment is not severe requires evaluation of medical findings describing the impairment, and an informed judgment as to its limiting effects on a claimant's ability to do basic work activities. Social Security Ruling ("SSR") 85–28, 1985 WL 56856, at *4 (Jan. 1, 1985).[3]

The ALJ must take into account subjective symptoms in assessing severity, *Smolen,* 80 F.3d at 1290, but "medical evidence alone is evaluated … to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28 at *4. An impairment or combination thereof may properly be found not severe if the clearly established objective medical evidence shows only slight abnormalities that minimally affect a claimant's ability to do basic work activities. *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005); *Smolen,* 80 F.3d at 1290. Finally, a diagnosis does not establish a severe impairment. *Febach v. Colvin*, 580 F. App'x 530, 531 (9th Cir. 2014).

The step two inquiry is meant to be "a *de minimis* screening device to dispose of groundless claims." *Smolen,* 80 F.3d at 1290 (citing *Bowen v. Yuckert,* 482 U.S. 137, 153–54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)).

As noted in the ALJ's decision, a mental impairment is not severe if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. *See* 20 C.F.R. § 404.1520a(d).

Plaintiff contends that in finding that he had a non-severe mental impairment, the ALJ improperly rejected the opinion of Dr. Lee and improperly relied on Plaintiff's lack of significant mental health treatment. Joint Stip. at 6-12.

Dr. Lee saw Plaintiff on one occasion in April 2013 for a medical-legal examination. (AR 380-410, 382.) Dr. Lee concluded that Plaintiff "has evidence of depression, anxiety, and somatic difficulties due to his orthopedic industrial injury

---

[3] SSRs do not have the force of law, but a reviewing court generally accords them some deference. *Holohan v. Massanari,* 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

and its impact on his life." (*Id*. at 406.) Further, Dr. Lee found that his exam findings were consistent with a depressive disorder, NOS. (*Id*.) Dr. Lee assessed a Global Assessment of Functioning (GAF) of 60, the high end of the range of 51-60, "consistent with 'moderate' symptoms or 'moderate difficulty' in social, occupational, or school functioning." (*Id*. at 408.)

The ALJ gave "little weight" to Dr. Lee's opinion because the examination occurred in the context of a workers' compensation claim, and because "his opinion is belied by [Plaintiff's] lack of mental health treatment and by the evidence demonstrating no more than mild difficulties with [Plaintiff's] functioning." (AR 27.) Plaintiff notes that the ALJ can reject the opinion of an examining physician only for specific and legitimate reasons supported by substantial evidence, but contends that the ALJ's reasons are neither specific nor legitimate. Joint Stip. at 10-11; *see also Lester*, 81 F.3d at 830-31 (an examining physician's opinion that is contradicted by another doctor may be rejected for specific and legitimate reasons that are based on substantial evidence in the record)[4].

Here, on the whole, the reasons provided by the ALJ for rejecting the opinion of Dr. Lee, an examining physician, were specific and legitimate. The ALJ noted that Dr. Lee's opinion was in conflict with substantial evidence in the record, which reveals no psychologically-related limitations and no mental health treatment. *See, e.g.*, AR 259 (no exam findings of anxiety or depression), AR 276 (no exam findings of anxiety), 366 (Patient denies anxiety, depression, substance abuse, suicidal thoughts, feeling irritable, anger, reduced concentration, mood swings and nervousness), AR 538 (negative for psychiatric symptoms), AR 549 ([Plaintiff]

---

[4] The parties do not discuss whether Dr. Lee's opinion is contradicted by the opinion of another physician. If his opinion is not contradicted, then the Commissioner must provide "clear and convincing" reasons for rejecting Dr. Lee's opinion. *See Lester*, 81 F.3d at 830-31. While the applicable standard does not appear to be in dispute between the parties, nevertheless, the Court finds that the ALJ's reasons satisfy the higher standard of "clear and convincing."

4

denies psychological or emotional difficulties), AR 553 (negative for psychiatric symptoms); s*ee also Montes v. Astrue*, CV 08-6668 CW, 2009 WL 3672551, at *6 (C.D. Cal. Nov. 2, 2009) (citing *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that ALJ may discredit medical opinion regarding degree of impairment that is conclusory, brief, and unsupported by the record as a whole).

Plaintiff also cites to his described fear of not seeking mental health treatment to support his argument that the lack of mental health treatment does not mean he does not have a severe mental impairment. Joint Stip. at 7-8. As noted above, however, the ALJ identified specific and legitimate reasons for finding Plaintiff's mental impairments not severe. While Plaintiff's interpretation of the evidence regarding lack of mental health treatment is not unreasonable, neither is the ALJ's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *see also Fischer v. Astrue*, 429 Fed. App'x 649, 652 (9th Cir. 2011) ("Although [claimant's] interpretation of the evidence is not unreasonable, neither is the ALJ's. His determination that her level of functionality is consistent with an ability to perform the kind of work described in the residual functional capacity assessment is a permissible interpretation of the evidence.")

Even assuming the ALJ incorrectly found that Plaintiff's mental impairments were not severe, any error was harmless.

First, step two was resolved in Plaintiff's favor, *i.e.*, the ALJ found Plaintiff's bilateral knee disorder, degenerative disc disease of the lumbar spine, cardiac disorder and obesity to be severe, and properly continued the sequential evaluation process until finding that Plaintiff was able to perform "jobs that exist in significant numbers in the national economy" at step five. *Hickman v. Comm'r Soc. Sec. Admin.*, 399 F. App'x 300, 301 (9th Cir. 2010) (any error in the ALJ's failure to

find an impairment severe was harmless, in part, because the ALJ found that claimant "suffered from other severe impairments and, thus, step two was … resolved in [her] favor"); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) ("Assuming without deciding that [omitting obesity at step two] constituted legal error, it could only have prejudiced [claimant] in step three (listing impairment determination) or step five (RFC) because the other steps … were resolved in her favor.").

Second, the ALJ considered all of Plaintiff's impairments during her analysis later in the sequential evaluation process. *See, e.g.,* AR 27 ("the following residual functional capacity assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis"); AR 28 ("I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]"); AR 28 ("[Plaintiff] further testified that his cane helps him walk on uneven surfaces and that his mental issues leave him in a constant state of worry"); AR 32 ("In comparing [Plaintiff's] residual functional capacity with the physical and mental demands of this past relevant work, I conclude that [Plaintiff] is not able to perform such work ….""); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (even if the ALJ erred by not including an impairment at step two, any error was harmless because the ALJ considered the limitations posed thereby at step four).

Thus, the ALJ's supposed step two error does not warrant reversal.

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 31, 2017

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**